ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : CRIMINAL CASE |
| VS. | : NO.: 02-93-E |
| | : CA: 3:05CV734-T |
| ROBERT H. RUSH, Jr., | : |
| Defendant. | : |

**MOTION FOR RECONSIDERATION**

Comes Now Robert H. Rush, Jr., the defendant above named and respectfully files this motion for reconsideration and in support thereof shows:

That on June 24th, 2004, the United States Supreme Court decided the case of BLAKELY V. WASHINGTON, 2004 WL 1402697, which seems to be relevant in every case which there is a sentence involving U.S. Sentencing Guideline enhancement.

**HISTORY OF THE CASE**

On July 28, 2003, Rush filed his Objection to the Revised Presentence Report, moved for a downward departure pursuant to 5K2.0, and requested an evidentiary hearing. Specifically, Rush objected to the calculation of the base offense level on constitutional grounds. Rush maintained that the imputation rule under the Sentencing Guideline, i.e., the number of plants, was 160 times the actual weight of the contraband. The imputed weight as

opposed to the actual weight in this case triggers the Eighth Amendment's Cruel Unusual Punishment Clause, and results in a grossly disparate application of the Commission's rule-making role in violation of the Separation of Powers Doctrine.

Second, Rush objected to a two-point weapons enhancement pursuant to 2D1.1(b)(1), U.S.S.G. Third, Rush maintained that he was entitled to a three-level reduction for acceptance of responsibility rather than a two level decrease.

The government's objected to the three-level reduction. Rush maintained that the recent change in the Sentencing Guidelines which allowed the prosecutor the discretion to award an additional point for acceptance of responsibility, constituted an ex post facto violation, because the offense occurred on or about May 29, 2002, and the application of the new change by the Commission occurred spring 2003.

Finally, Rush objected to the pre-sentence on the ground that he was entitled to treatment under the safety valve provision pursuant to 5C1.2, U.S.S.G., and that he was entitled to a downdard departure under 5K2.0 for super acceptance of responsibility.

The trial court overruled the defendant's objections and defendant was enhanced for weapon possession and refusal to qualify him for the "safety valve." Defendant was arrested and charged with the offense to wit: Manufacturing more than 100 Marijuana plants in violation of 21 U.S.C. 841 (a)(1). He entered a plea of guilty of that offense

The Court of Appeals for the Eleventh Circuit on April 13, 2004, filed an unpublished opinion affirming the sentence. While in the preparation of a petition for a writ of certiorari to the United States Supreme Court, the same was received in the clerk office on July 9, 2004, and placed

on the docket on July 16, 2004, as No.: 04-5227, a copy of the docketing letter received from the clerk office of the United States Supreme Court with dated July 16, 2004, appears attached herein and incorporated as exhibit (A) for the court convenience. Subsequently, the government's filed a waiver, refusing to file an opposition, unless requested. See exhibit (B), copy of the Waiver pleading filed by the government. Therefore, the United States Supreme Court decided the cornerstone case of Blakely v. Washington, 2004 WL 1402697 (June 24, 2004).

Under Blakely v. Washington, 2004 WL 1402697, any sentences Enhancement must be either charged in an indictment and submitted to a jury or admitted by the defendant. Here, the prerequisite for which Blakely's reached the United States Supreme Court are met. The enhancement issue was not charged in the indictment, it was not submitted to the jury and the defendant did not admit it.

## THE BLAKELY'S CONSTITUTIONAL STANDARDS

On June 24, 2004, the United States Supreme Court in Blakely v. Washington, 2004 WL 1402697, reiterated its previous holding in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000). In Apprendi, at 490, the Court concluded that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

However, the Supreme Court in Blakely, at ___, clarified that "the relevant 'statutory maximum' is not the maximum sentence a judge may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts

'which the law makes essential to the punishnment,' and the judge exceeds his proper authority."

Under the Blakely, 2004 WL 1402697, " the defendant admitted the elements of the offense, the use of a gun, and the fact that the crime was related to domestic violence. These facts established a maximum guideline sentence of 53 months. However, the facts established "deliberate cruelty" were neither admitted by the petitioner nor found by a jury." Accordingly, the Supreme Court found that "any fact that increases the upper bound on a judge's sentencing discretion is an element of the offense.

Thus, facts that historically have been taken into account by sentencing judges to assess a sentence within a broad range such as drug quantity, role in the offense, risk of bodily harm, all must now be charged in an indictment and submitted to a jury. In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), simply because it is the legislature, rather than the judge, that constrains the extent to which such facts may be used to impose a sentence within a pre-existing statutory reange." Blakely, 2004 WL 1402697 (Justice O'Connor's dissenting Opinion).

Furthermore, in Blakely, the Supreme Court held that "the judge's authority to sentence derives wholly from the jury's verdict." This is so because the forefathers and framers of our dear Constitution forethought a system that would check itself to guarantee our freedom through the protection of diverse fundamental rights, such as the right to a jury trial." Just as suffrage ensures the people's ultimate control in the legislative and executive branches, jury trial meant to ensure their control in the judiciary." "The very reason the Framers put a jury-trial guarantee in the Constitution is that they were unwilling to trust government to mark out the role of the jury."

The Suoreme Court additionally held in Blakely, that "when a defendant pleads guilty, the Government's is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding." However, this so called waiver must be made keeping in perspective the reservation of power framed under the Sixth Amendment, which "limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury." Therefore, "the Sixth Amendment was not written for the benefit of those who choose to forgo its protection. It guarantees the right to jury trial. It does not guarantee that particular number of jury trials will actually take place."

This of course can only be achivied with "the common-law ideal of limited state power accomplished by strict division of authority between judge and jury." Accordingly, before the state could deprive an individual of his liberty, it should at least suffer a modest inconvenience of submitting its accusation to the unanimous suffrage of twelve of his equals and neighbours." See, e.g., United States v. Richard Green, 2004 WL 1381101 (D.Mass. June 18th 2004) ("If the government can manipulate the guideline to suit themselves, a defendant's constitutional guarantees wouldn't be worth much.").

In United States v. Duncan Fanfan, Docket No.: 03-47 DBH (The Court held that it is unconstitutional for me to apply the federal guideline enhancements in the sentence of the defendant, which is to say, an increase in the drug quantity beyond that found by the jury, or any role enhancement. To do so would unconstitutionally impinge upon the defendant's Sixth Amendment right to a jury as explained in Blakely. See also, United States v. Croford, No.: 2:02-CR-00302 PGG, 2004 WL 1462111 (D.Utha, June 29, 2004); (Cassell, J,) (found also the Guidelines unconstitutional)., United States

v. Ronald Shamblin, Docket No.: 02:03-00217 (S.D.W.V. June 30, 2004); United States v. Gonzalez, 2004 U.S. Dist. LEXIS 11760 (S.D.N.Y. June 25, 2004) (In this brief memorandum and Order, judge Batts observed that Blakely calls into serious question the longstanding prsctices of federal courts in implementing the United States Sentencing Guidelines. She then granted the government's requested two-week adjournment while putting "the parties on notice that the Court is currently of the mind to sentence the Defendant solely on the basis of the facts admitted by the defendant during his guilty plea." United States v. Bryan Moran, Docket No.: 02:-10136-REK (D.Mass, July 8, 2004).

In United States v. Shamblin, 2004 WL 1468561 (S.D.W.Va., 2004), the Court added that "one week ago, the defendant provided a vivid reminder of the draconian nature of the federal approach to sentencing drug offenders. The offense conduct that the defendant actually admitted was buying Sudafed in exchange for methamphetamine. His tweenty-year sentence was based almost entirely on relevant conduct and sentencing enhancements that were not proven to a jury beyond a reasonable doubt. Some large part of his sentence was attributable to the allegation of a defendant in another case that the defendant had once boasted about making $70,000, by selling methamphetamine. Today, defendant's case illustrates the upheaval Blakely will cause in federal courts at least for a time. At 240 months, defendnat's sentence represented much that is wrong about the Sentencing Guidelines; at 12 months, it is almost certainly inadequate."

Likewise, in United States v. Croxford, 2004 WL 1462111, the Court found that "while this court has searched diligently for a way to disagree with the warning of the dissenters, the inescapable conclusion of Blakely is that the Federal Sentencing Guidelines have rendered unconstitutional in cases such as this one. The rule set forth by the Supreme Court in Blakely was that "the 'statutory maximum' for Apprendi purposes is the maximum sentence

-6-

a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant! A sentence may not be enhanced when doing so requires the judge to make factual findings which go beyond the defendant's plea or verdict of the jury. Therefore, under the present law, defendant sentence under the Federal Sentencing Guidelines seems to violate his right to trial by jury as guaranteed by the Sixth Amendment.

## CONCLUSION

Because the defendant has made a preliminary showing that under the principle announced in Blakely v. Washington, supra, his sentence is constitutionally invalid, it is respectfully submitted that an evidentiary hearing is required in this matter to resolve the issues in a civilized fashion.

This the 3 day of August 2004.

RESPECTFULLY SUBMITTED

ROBERT H. RUSH, JR.,

*[signature: Robert H. Rush Jr.]*

CERTIFICATE OF SERVICE

This is to certify that I have this day served Ms. Tommie Brown Hardwick, Assistant U.S. Attorney, with a copy of the defendant's Motion for Reconsideration, by depositing said copy in the UNited States Mail, in a properly addressed envelope, with adequate postage thereon:

Ms. Tommie Brown Hardwick
Assistant U.S. Attorney
One Court Square
Suite 201
Montgomery, Alabama 36104

CC: Mr. David B. Byrne, Jr., Esq.,
    150 South Perry Street
     Post Office Box 2069
     Montgomery, Alabama 36102

This the 3 day of August 2004.

RESPECTFULLY SUBMITTED

ROBERT H. RUSH, JR,

*/s/ Robert H. Rush Jr.*

# Supreme Court of the United States
## Office of the Clerk
### Washington, DC 20543-0001

William K. Suter
Clerk of the Court
(202) 479-3011

July 16, 2004

Mr. Robert H. Rush, Jr.
Prisoner ID 11047-002
FCI Yazoo City
P.O. Box 5000
Yazoo City, MS

Re: Robert H. Rush, Jr.
    v. United States
    No. 04-5227

Dear Mr. Rush:

The petition for a writ of certiorari in the above entitled case was filed on July 9, 2004 and placed on the docket July 16, 2004 as No. 04-5227.

A form is enclosed for notifying opposing counsel that the case was docketed.

Sincerely,

William K. Suter, Clerk

by

Sandy Spagnolo
Case Analyst

Enclosures

**EXHIBIT (A)**

IN THE SUPREME COURT OF THE UNITED STATES

| | |
|---|---|
| RUSH, ROBERT H., JR.<br>    Petitioner<br><br>vs.<br><br><br>USA | No: 04-5227 |

### WAIVER

The Government hereby waives its right to file a response to the petition in this case, unless requested to do so by the court.

 

Paul D. Clement
Acting Solicitor General
<u>Counsel of Record</u>

July 23, 2004

cc:

    ROBERT H. RUSH
    REG. NO. 11047-002
    FCI YAZOO CITY
    P.O. BOX 5000
    YAZOO CITY, MS 39194

**EXHIBIT (B)**

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| VS. | * | CRIMINAL CASE NO.: 02-93-E |
| ROBERT H. RUSH, JR., Defendant. | * | |

## NOTICE OF HEARING

To: Ms. Tommie Brown Hardwick
Assistant U.S. Attorney
One Court Square
Suite 201
Montgomery, Alabama 36102

Please take notice that a Motion for Reconsideration has been filed pursuant to the governing new law decided on June 24, 2004, by the United States Supreme Court in Blakely v. Washington, supra, alleging that the sentence imposed Blakely rendered the same unconstitutional. Be advised that on September 24, 2004, a hearing is scheduled before the Honorable REGINALD C. LINDSAY, UNITED STATES DISTRICT JUDGE, for resentencing, to resolve the matter as law and justice demand, at the same time you are required to appear and show cause why the defendant is not entitled to be resentenced in accordance to the principle announced by the Supreme Court in Blakely v. Washington, supra.

This the 3 day of August 2004.

RESPECTFULLY SUBMITTED

ROBERT H. RUSH, JR.,

*/s/ Robert H. Rush Jr.*

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

EASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | * |
|  | * |
| VS. | * CRIMINAL CASE |
|  | * NO.: 02-93-E |
| ROBERT H. RUSH, JR., | * |
| Defendant. | * |

**ORDER**

The within and foregoing Motion for Reconsideration having been received presented and considered, shall be filed and copy of this ORDER shall be served upon MS. TOMMIE BROWN HARDWICK, Assistant United States Attorney, for the Middle District of Alabama, Eastern Division.

The attached Motion for Reconsideration is supported by sufficient operative fact to merit an evidentiary hearing. Specially, in light of the United States Supreme Court decision in BLAKELY V. WASHINGTON, 2004 WL 140 2697 (June 24, 2004). MS. HARDWICK, Esq., is HEREBY ORDERED, to appear before the Honorable REGINALD C. LINDSAY, UNITED STATES DISTRICT JUDGE, on the 24 day of September 2004, at 10:00 A.M., and should cause why the relief demanded in the attached Motion for Reconsideration should not be granted.

_____
HONORABLE REGINALD C. LINDSAY,
UNITED STATES DISTRICT JUDGE

cc: Prepared by Robert H. Rush, Jr.