IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR NO. 3:02cr93 |
| ) | CV: 3:05cv734-T |
| ROBERT H. RUSH ) | |

**ORDER**

On August 3, 2004, Robert H. Rush ("Rush") filed a *"Motion for Reconsideration"* (Doc. 163), in which he challenges the sentence imposed upon him by this court for his 2003 conviction for the unlawful manufacture of marijuana, in violation of 21 U.S.C. § 841(a)(1).[1] Rush asserts that under the Supreme Court's recent decision in *Blakely v. Washington*, 124 S.Ct. 2531 (2004), his sentence is "constitutionally invalid." (Doc. 163 at 7.) Rush's claim attacks the fundamental legality of his sentence.

The law is settled that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981); *Lane v. Hanberry*, 601 F.2d 805 (5th Cir. 1979). The remedy afforded

---

[1] Although Rush's motion is date-stamped "filed" on August 6, 2004, the motion was signed by Rush on August 3, 2004. The law is settled that a pro se inmate's petition is deemed filed on the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [Rush's motion] was delivered to prison authorities the day [he] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Accordingly, without any contradictory evidence, the court assumes that August 3, 2004, should be considered the date of filing for Rush's motion.

by § 2255 is not deemed inadequate or ineffective merely because an individual is procedurally barred from filing a § 2255 motion. *See In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir. 1986).

Consequently, the claims Rush now seeks to advance may be presented properly only in a 28 U.S.C. § 2255 motion. "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). **Accordingly, the court concludes that Rush's pleading should be construed as a *motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255*.**

**Consequently, in accordance with *Castro v. United States*, 540 U.S. \_\_\_, 124 S.Ct. 786, 792 (2003), the court hereby advises Rush of its intention to re-characterize his motion as a § 2255 motion.** The court **cautions** Rush that such re-characterization will render this motion and any subsequent § 2255 motion filed with this court susceptible to each of the procedural limitations imposed upon § 2255 motions. Specifically, Rush is **cautioned** that the pending motion and any subsequent § 2255 motion shall be subject to the one-year period of limitation and the successive petition bar applicable to post-conviction motions.[2]

---

[2] "A one-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255 ¶ 6. Title 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive [28 U.S.C. § 2255 motion] ... is filed in the district court, the applicant shall move in the appropriate court of

2

It is further

**ORDERED that on or before September 2, 2004,** Rush shall advise this court whether he seeks to:

1. Proceed before this court on those claims presented in his August 3, 2004, motion (Doc. 163);

2. Amend this motion to assert any additional claims on which he wishes to challenge the conviction and sentence imposed upon him by this court; or

3. Dismiss the motion.[3]

Rush is advised that if he fails to file a response in compliance with this order, this cause will proceed as an action under 28 U.S.C. § 2255, and the court will consider only those claims presented in the motion filed on August 3, 2004.

Done this 18th day of August, 2004.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE

---

appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

[3] Rush is **cautioned** that any § 2255 motion filed with this court, including the pending motion, must be filed within the applicable one-year period of limitation

3