IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) 3:02-CR-93-T |
| | ) CV:3:05 CV 84-T |
| ROBERT H. RUSH | ) |

**ORDER**

Defendant Robert H. Rush has filed a "*Motion to Confer Jurisdiction*" (Doc. 169) in response to this court's order advising Rush of its intention to re-characterize a "*Motion for Reconsideration*" that Rush filed on August 3, 2004 (Doc. 163), as a *motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255*.[1] *See Order of August 18, 2004* (Doc. 165). In the instant pleading, Rush argues that his "*Motion for Reconsideration*" cannot be considered as a 28 U.S.C. § 2255 motion because his case is still pending before the United States Supreme Court and the conviction and sentence challenged in his "*Motion for Reconsideration*" are therefore not final.

Rush is correct in asserting that his case was pending before the Supreme Court when he filed his "*Motion for Reconsideration*" on August 3, 2004, and when this court entered its order of August 18, 2004. However, this court takes notice that on October 4, 2004, the Supreme Court denied certiorari review in Rush's case. *See Rush v. United States*, No. 04-5227, 2004 WL 2165678 (U.S. Oct. 4, 2004). Accordingly, Rush's conviction and sentence

---

[1] In his August 3, 2004, motion, Rush challenges the 2003 conviction and sentence imposed upon him by this court for the unlawful manufacture of marijuana, a violation of 21 U.S.C. § 841(a)(1).

are final.

As this court indicated in its order of August 18, 2004, the claims Rush seeks to advance in his "*Motion for Reconsideration*" may be presented properly only in a 28 U.S.C. § 2255 motion. **Accordingly, the court concludes that the *"Motion for Reconsideration"* filed by Rush on August 3, 2004, should be construed as a** *motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.*

**In light of the foregoing, and in accordance with** *Castro v. United States***, 540 U.S. 375, 124 S.Ct. 786 (2003), the court hereby advises Rush of its intention to re-characterize his motion (Doc. 163) as a § 2255 motion.** The court **cautions** Rush that such re-characterization will render this motion and any subsequent § 2255 motion filed with this court susceptible to each of the procedural limitations imposed upon § 2255 motions. Specifically, Rush is **cautioned** that the instant motion and any subsequent § 2255 motion shall be subject to the one-year period of limitation and the successive petition bar applicable to post-conviction motions.[2]

It is further

**ORDERED that on or before October 29, 2004,** Rush shall advise this court whether he seeks to:

---

[2]"A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255 ¶6. Further, Title 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive [28 U.S.C. § 2255 motion] ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

2

1. Proceed before this court on those claims presented in his August 3, 2004, motion (Doc. 163);

2. Amend this motion to assert any additional claims on which he wishes to challenge the conviction and sentence imposed upon him by this court; or

3. Dismiss the motion.[3]

Rush is advised that if he fails to file a response in compliance with this order, this cause will proceed as an action under 28 U.S.C. § 2255, and the court will consider only those claims presented in the motion filed on August 3, 2004.

Done this 12th day of October, 2004.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE

---

[3]Rush is **cautioned** that any § 2255 motion filed with this court, including the instant motion, must be filed within the applicable one-year period of limitation

3