IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROBERT H. RUSH, JR. ) | |
| ) | |
| Defendant/Movant, ) | |
| ) | |
| vs. ) | CASE NO. 1:05cv734-T |
| ) | (02cr93-T) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## UNITED STATES' RESPONSE TO § 2255 MOTION

COMES NOW the United States of America, by and through its attorney, Leura Garrett Canary, United States Attorney, and, in compliance with this Court's order to show cause, responds to Defendant/Movant Robert H. Rush, Jr.'s Motion for Reconsideration, as follows:

### I. PROCEDURAL HISTORY AND RELEVANT FACTS

On June 27, 2002, a grand jury sitting in the Middle District of Alabama returned a single-count indictment against Robert H. Rush, Jr. ("Rush"). See Exhibit A, the indictment. The indictment charged that, from an unknown date and continuing up to and including May 29, 2002, in Lee County, Alabama, in the Middle District of Alabama, Rush knowingly and intentionally manufactured more than 100 marijuana plants, a Schedule I Controlled Substance, in violation of 21 U.S.C. § 841(a)(1). On August 15, 2002, the grand jury returned a two-count superseding indictment against Rush. See Exhibit B, the superseding indictment. The superseding indictment realleged Count 1, and also charged in Count 2 that Rush possessed a firearm, during, in relation to, and in furtherance of the drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). Exhibit B, at 1-2.

Rush filed a motion to suppress evidence. (Doc. # 30.) This Court denied the motion on February 20, 2003. (Doc. # 105.) A trial in this case began on May 12, 2003, and Rush decided on that same day to plead guilty to Count 1 of the superseding indictment. See Exhibit C, a transcript of the guilty plea hearing, excerpted from jury trial proceedings. Before the plea colloquy began, the Court had Rush placed under oath. Exhibit C, at 2. It determined that Rush was not being treated for any mental or emotional problems, or addictions of any kind, and that he was not under the influence of any drug, medicine, or alcoholic beverage. Id. at 3.

The Court asked Rush whether he had received a copy of the indictment and discussed the charges therein with his attorney, David B. Byrne, Jr. ("Byrne.") Id. at 3-4. Rush gave an affirmative response to both questions. Id. at 4. The Court confirmed that Rush that he was entering his plea pursuant to Fed.R.Crim.P. 11(a)(2), which would permit him to appeal the adverse suppression ruling in his case. Id. at 4-5. The Court then determined that Rush had not been coerced into pleading guilty and that he was entering the plea because he was in fact guilty of the offense charged in Count 1. Id. at 6. Rush was informed that his offense carried a mandatory minimum sentence of five years and a maximum of 40 years in prison. Id. at 7.

The Court informed Rush that the U.S. Probation Office would calculate his sentence in accordance with the U.S. Sentencing Guidelines, and cautioned that the final sentencing range would not be known until the probation office completed a presentence report. Rush stated that he understood that his final sentence could vary from any previous estimate given by his attorney. Id. at 10-11. The Court also told the Rush that it had the authority to depart, resulting in a higher or lower sentence. Id. at 11. Next, the Court explained to Rush the rights that he would be relinquishing by pleading guilty, including the right to a trial by jury, proof of guilt beyond a

reasonable doubt, cross-examination of witnesses, and to testify on his own behalf. Id. at 11-12. Finally, it explained to Rush the elements of the charge against him which must be established if he were to continue with his trial. Id. at 12-13.

The Court then instructed Rush's counsel to establish a sufficient factual basis for the guilty plea. Id. at 13. During his examination, Rush stated that on May 29, 2002, he resided in Lee County, Alabama, and that 100 or more marijuana plants which he had planted and cultivated were between 8 and 12 inches in height. Id. at 14-15. Rush also stated that he knew this activity was illegal. Id. at 15. After these facts were established, the Court found that Rush was fully competent and capable of entering an informed plea, that he was aware of the nature of the charges and the consequences of the plea, that the plea was knowing and voluntary, and supported by an independent factual basis containing each of the essential elements of the offenses. The Court then accepted his guilty plea. Id. at 17-18.

The U.S. Probation Office prepared a presentence investigation report in this case. The report used the number of marijuana plants cultivated by Rush to establish his base offense level at 16. PSI, at ¶ 11. The probation office also applied a two-point enhancement for his possession of a dangerous firearm during his offense, and an offsetting two-point adjustment for acceptance of responsibility, which resulted in a final offense level of 16. PSI, at ¶¶ 12, 17, 19. The probation office assigned Rush a criminal history category of I. PSI, at ¶ 22. Although the resulting guideline sentencing range was 21-27 months, the PSI recommended that Rush be sentenced to serve five years in prison, the statutory minimum, pursuant to U.S.S.G. § 5G1.1(b). PSI, at ¶ 37.

Rush objected to the PSI sentencing recommendations. Specifically, he objected to the base offense level of 16, the firearms enhancement, and his receipt of two, rather than three, points for acceptance of responsibility. In an Addendum to the PSI, the probation office responded as follows: (1) each marijuana plant was treated as 100 grams under the drug quantity table at U.S.S.G. § 2D1.1(c), n.(e) ; (2) that Rush possessed several firearms during the commission of the offense; and, (3) that his untimely decision to plead resulted in only two points for acceptance. PSI Addendum, at ¶¶ 7, 9, 11. See also U.S.S.G. § 3E1.1, cmt.6 (placing burden on defendant to give timely notice of intent to plead). Rush also argued that he should receive the benefit of the "safety valve" provision of the guidelines, which permits avoidance of the statutory minimum if certain criteria are met. See U.S.S.G. § 5C1.2(a). The probation office responded that the safety valve provision did not apply because Rush possessed firearms in connection with his offense. PSI Addendum, at ¶ 17.

At sentencing, Rush renewed his previously filed objections. See Exhibit D, Parts I-II. Two criteria which would determine Rush's eligibility for the safety valve were whether he possessed a firearm in connection with the offense, and whether he had truthfully provided all information and evidence concerning his offense. See U.S.S.G. § 5C1.2(a)(2) and (4). The Court stated, and Byrne acknowledged on behalf of Rush, that if the safety-valve did not apply, the actual weight of the marijuana plants was immaterial, as the total of 100 plants cultivated by Rush triggered the mandatory minimum of five years in prison. Exhibit D-I (proceedings of July 30, 2003), at 8-9, 11. After considerable argument from both parties the Court determined that the safety valve did not apply. Id. at 12-25. The Court based this decision on Rush's failure to reveal all information relative to the course of conduct connected with his offense. Id. at 26.

However, the Court acknowledged that a decisive question was whether Rush was obligated to provide all information to the government whether or not he was directly asked such questions by law enforcement. Id. at 29-30. The hearing was then continued so that the Court could further consider this decisive issue. Id. at 37.

The Court attempted to continue the hearing on August 18, 2003, but technical difficulties required that the date be rescheduled. When the sentencing hearing resumed, the Court first asked if the parties would add to their previously submitted briefs on the safety valve issue. See Exhibit D-II (Proceedings of September 3, 2003), at 5-6. After both parties did so, the Court requested testimony from the case agent so that it could determine whether Rush provided reasonable cooperation. Exhibit D-II, at 20. The sentencing Court heard testimony from Captain James Majors of the Lee County Sheriff's Department about his own observance of the several firearms possessed by Rush at the time of his arrest, including a .357 Magnum revolver. Id. at 23-24, 48. The Court then summarized the sequence of events surrounding Rush's arrest and found that, while he qualified for acceptance of responsibility, he had not met the burden required to benefit from the safety valve provision. Id. at 62-66, 68.

The Court sentenced Rush to serve five years in prison. Id. at 70. The judgment filed in this case on September 11, 2003, reflects a final offense level of 16, as originally recommended by the U.S. Probation Office. See Exhibit E, at 7.

Rush appealed his conviction and sentence to the United States Court of Appeals for the Eleventh Circuit. His appeal challenged whether the motion to suppress should have been denied, and whether this Court erred in denying him the benefit of the safety valve provision. On April 13, 2004, the Eleventh Circuit affirmed his conviction and sentence. See Exhibit F, the

appellate decision in this case. The decision affirmed this Court's ruling that the burden to disclose all information relevant to an offense lies with the defendant. Exhibit F, at 4-5.

Rush filed a petition for a writ of certiorari in the United States Supreme Court. That Court denied the petition on October 4, 2004. See Exhibit G, the U.S. Supreme Court docket sheet in this case. Rush filed a petition for rehearing on October 26, 2004. That petition was denied on November 29, 2004. Id.

On August 3, 2004, Rush filed a motion seeking reconsideration of his sentence under Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531 (2004). This Court did not directly deny this motion, but on August 18, 2004, issued an Order which advised Rush that a motion under § 2255 was the appropriate vehicle to challenge his conviction and sentence. The Order directed Rush to advise whether he wished it to construe his motion for reconsideration as one under § 2255, amend the motion, or dismiss the motion. (Doc. # 165, at 3.) On August 17, 2004, Rush appealed to the Eleventh Circuit. (Doc. # 166.) On October 21, 2004, that Court dismissed the appeal because this Court had not denied Rush's motion for reconsideration under Blakely, and therefore, it lacked jurisdiction under Fed.R.App.P. 3(c). See Exhibit H, Order dismissing appeal.

On August 9, 2005, this Court observed that Rush had not responded to its requests for direction as to the treatment of his motion, and ordered the United States to respond to the claims in the August 3, 2004, Motion for Reconsideration as though it had been filed as a Motion Under § 2255 to Vacate, Set Aside, Or Correct Sentence By a Person In Federal Custody. The United States now files this response to the motion.

## II.  CLAIMS RAISED IN THE § 2255 MOTION

As far as the United States can discern, Rush raises the following issues in his § 2255 motion:

1. This Court improperly calculated the weight of the marijuana attributable to him, thus increasing his sentence in violation of the Eighth Amendment;

2. This Court improperly applied a weapons enhancement which increased his sentence;

3. This Court should have reduced his offense level by three points, rather than two, for his acceptance of responsibility; and,

4. This Court should have applied the safety valve provision of the U.S. Sentencing Guidelines.

## III.  RESPONSE TO CLAIMS FOR RELIEF

**A.  Rush Has Met The One-Year Statute Of Limitations Deadline For The Filing of Claims Under 28 U.S.C. § 2255**.

Rush has filed his motion in a timely manner under paragraph six of 28 U.S.C. § 2255, which provides a one-year period of time within which to file a motion. The applicable provision in this case requires that a movant file his § 2255 motion within one year from "the date on which the judgment of conviction became final."

Rush petitioned for certiorari review by the United States Supreme Court after his conviction and sentence were affirmed by the Eleventh Circuit Court of Appeals. The Eleventh Circuit has held that the denial of a certiorari petition finalizes a judgment of conviction. See United States v. Farris, 333 F.3d 1211, 1214-15 (11th Cir. 2003). The petition for certiorari was denied on October 4, 2004. Rush had one year from the finalization of his judgment - through October 4, 2005 - to seek relief under § 2255. Because he filed this motion well before the expiration of the statute of limitations expired, his motion is timely filed.

B. **Rush's Claim That The Safety Valve Is Applicable To His Sentence Is Procedurally Barred And Not Properly Considered In This § 2255 Proceeding Because It Was Raised On Direct Appeal And Denied By The Appellate Court.**

Rush asserts that the safety valve provision should have been applied to his sentence. However, this issue is barred from this Court's review because the Eleventh Circuit decision has reviewed this issue. The Eleventh Circuit has stated that the "prior disposition of a ground of error on direct appeal, in most cases, precludes further review in a subsequent collateral proceeding." Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994). Therefore, as explicitly stated in the appellate decision in this case, this claim is not only without merit, but precluded from review in this proceeding. See Exhibit F, at 4-5. See also Butcher v. United States, 368 F.3d at 1298-1300 (A district court cannot grant § 2255 relief that is inconsistent with the law of a case, as established in an appellate decision.)

C. **Rush's Remaining Sentencing Claims Are Procedurally Defaulted And Not Properly Considered In This § 2255 Proceeding Because They Could Have Been Raised On Direct Appeal, But Were Not, And He Has Failed To Demonstrate Cause And Prejudice To Overcome These Defaults.**

Rush asserts that his sentence was improperly calculated due to the following: (1) the improper calculation of the total weight of marijuana attributable to him; (2) a weapons enhancement; and, (3) the award of two points, rather than three, for acceptance of responsibility. These issues are barred from this Court's review because they could have been, but were not, raised on direct appeal, unless Rush can show cause and prejudice to overcome the procedural bar. A motion under § 2255 is not a substitute for an appeal, Burke v. United States, 152 F.3d 1329, 1331 (11th Cir. 1998). Claims not raised on direct appeal that could have been raised are generally barred from review in § 2255 proceedings, McCoy v. United States, 266 F.3d 1245,

1258 (11th Cir. 2001). "A non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." Lynn v. United States 365 F.3d 1225, 1232-33 (11th Cir. 2004).

In Mills v. United States, the Eleventh Circuit succinctly summarized the law concerning procedural default as follows:

> Generally speaking, an available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a [Section] 2255 proceeding.... A ground of error is usually "available" on direct appeal when its merits can be reviewed without further factual development.... When a defendant fails to pursue an available claim on direct appeal, it will not be considered in a motion for [Section] 2255 relief unless he can establish cause for the default and actual prejudice resulting from the alleged error.... Alternatively, under the fundamental miscarriage of justice exception, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default...."

Mills, 36 F.3d at 1055-56 (internal citations omitted). See also, McCoy v. United States, 266 F.3d at 1258 ("A claim not raised on direct appeal is procedurally defaulted unless the petitioner can establish cause and prejudice for his failure to assert his claims on direct appeal."). The burden of demonstrating cause and prejudice or a miscarriage of justice is on the movant. See, e.g., Bousley v. United States, 523 U.S. 614, 622 (1998)("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,'... or that he is 'actually innocent[.]' ").

9

Rush makes no attempt to explain his failure to raise these issues on appeal and therefore escape the procedural bar. Therefore, the remaining sentencing claims are not subject to review at this stage, and should be dismissed on procedural grounds.

**D.     In Addition To Being Procedurally Defaulted, Rush's Claims Are Without Merit Because United States v. Booker Does Not Apply To Cases On Collateral Review, And Thus Is Not Cognizable In A § 2255 Proceeding.**

Rush's assertion that his sentence enhancements were unconstitutional under United States v. Blakely is without merit. Although the rule of Blakely was limited to the sentencing guidelines enacted in the State of Washington, it was extended to the federal sentencing guidelines in United States v. Booker, 543 U.S. ___, 125 S.Ct. 738 (2005), and federal sentencings are now analyzed under that case. See United States v. Paz, 405 F.3d 946 (11th Cir. 2005). Booker was decided on January 12, 2005, and Rush's conviction was final on October 4, 2004. Thus, even though Rush filed his Motion for Reconsideration under Blakely on August 3, 2004, before his conviction was final, the fact that only Booker, not Blakely, provides recourse in federal cases prevents the application of the later ruling to his case. Consequently, Rush's claim under Booker is not cognizable on collateral review, as the Booker decision itself reiterated that "[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past." See Booker, 125 S.Ct. at 769.

The Eleventh Circuit has firmly set forth its conclusion it cannot apply the Booker decision to the collateral review of convictions which were already final. See Varela v. United States, 400 F.3d 864, 867-688 (11th Cir. 2005). See also In Re Anderson, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (noting that the Supreme Court did not apply the Booker decision to cases on

collateral review). Thus, pursuant to clear instruction from the Supreme Court and the Court of Appeals for the Eleventh Circuit, Rush's claims under Booker are not cognizable by this Court in a § 2255 proceeding, and must be dismissed. Finally, as discussed below in Part E, the claims raised in the Motion for Reconsideration do not present any issues that would have conflicted with the Booker decision.

**E.     Rush's Sentencing Claims Are Without Merit.**

Even if this Court does not apply the procedural bars to Rush's claims asserted above, his allegations of error at sentencing are without merit and may be dismissed without a hearing. "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations." Stephens v. United States, 14 F.Supp.2d 1322, 1334 (N.D. Ga. 1998), quoting United States v. Guerra, 588 F.2d 519, 520-21 (5th Cir.1979). "[I]n this circuit, as well as in the Supreme Court, when a § 2255 petitioner sets out detailed factual allegations ... the petitioner is entitled to a hearing unless the motion and the files on record conclusively show the petitioner is entitled to no relief.... Typically, this circuit has found some form of corroboration to a petitioner's allegations before requiring a hearing." Potts v. Zant, 638 F.2d 727, 751 (5th Cir. 1981)(citations omitted).[1] Because Rush's motion and the record offer no factual basis or proof – and certainly no corroboration of his claims – they should be dismissed.

**1. This Court correctly determined the amount of marijuana attributable to Rush.**

Rush asserts that this Court incorrectly calculated the weight of marijuana attributable to him, and that the alleged error triggered the Eighth Amendment's prohibition against cruel and

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit rendered prior to the close of business on September 30, 1981.

unusual punishment. However, the sentencing Court stated, and Rush conceded at sentencing that, if the safety-valve did not apply, the actual weight of the plants was immaterial, because the total of 100 plants, admittedly cultivated by Rush, triggered the mandatory minimum of five years in prison. See Exhibit C, at 14-15; Exhibit D-I at 8, 9-10. See also 21 U.S.C. § 841(b)(1)(B). Therefore, his claims on this issue are immaterial to the calculation of his final sentence because the actual weight of the plants had no impact on the issue. Rush's sentence was exactly five years, the statutory minimum of which he was aware when he entered his guilty plea. Exhibit C, at 7. Accordingly, this issue must be dismissed.

> **2. The circumstances of Rush's offense merited a weapons enhancement pursuant to U.S.S.G. § 2D1.1(b)(1).**

Rush denies that the weapons enhancement assessed by the probation office pursuant to U.S.S.G. § 2D1.1(b)(1) was merited. He first challenged this enhancement in objections to his PSI, and the probation officer responded that the assessment is applicable "if a weapon was present, unless it is clearly improbable that the weapon was connected with the offense." See PSI Addendum, at ¶ 9. In support of the enhancement, the probation officer noted that, though Rush possessed several firearms which may have been used for sporting, the .357 Magnum revolver was not a hunting firearm. Id. The Court also heard testimony during sentencing that Rush possessed several firearms. Exhibit D-II, at 48. Because the preponderance of evidence established that Rush possessed firearms during the commission of his offense, the enhancement clearly applied and this issue should be dismissed. See United States v. Rodriguez, 398 F.3d at 1298, 1296 (11th Cir. 2005) (Reaffirming the preponderance standard at sentencing after Booker).

### 3. Rush was not entitled to a full three points for acceptance of responsibility under U.S.S.G. § 3E1.1.

Rush's final sentencing claim is that he should have received three, rather than two, points for acceptance of responsibility. The probation officer also addressed this issue in the Addendum to the PSI. PSI Addendum, at ¶ 11. The U.S. Sentencing Guidelines require a defendant to give timely notice of intent to plead. See U.S.S.G. § 3E1.1, cmt.6. Rush did not decide to plead guilty until after his trial had commenced, thus requiring the United States to prepare for trial. He was not entitled to the full three acceptance points. United States v. Matthews, 168 F.3d 1234, 1250 (11th Cir. 1999).

## IV. CONCLUSION

For the above reasons, Defendant/Movant Robert H. Rush, Jr. has failed to demonstrate that he is entitled to any relief from this Court, and his § 2255 motion should be denied without an evidentiary hearing.

Respectfully submitted this 7th day of September, 2005.

        Respectfully submitted,

        LEURA GARRETT CANARY
        UNITED STATES ATTORNEY


        /s/ Tommie Brown Hardwick
        TOMMIE BROWN HARDWICK
        Assistant United States Attorney
        Post Office Box 197
        Montgomery, Alabama 36101-0197
        (334) 223-7280
        (334) 223-7135 fax
        tommie.hardwick@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **ROBERT H. RUSH, JR.** ) | |
| ) | |
| **Defendant/Movant,** ) | |
| ) | |
| vs. ) | **CASE NO. 1:05cv734-T** |
| ) | **(02cr93-T)** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and sent via first class U.S. Mail the same to the following non CM/ECF participant: Robert H. Rush, Jr., #11047-002, FPC Montgomery, Federal Prison Camp, Maxwell Air Force Base, Montgomery, AL 36112.

    Respectfully submitted,

    LEURA GARRETT CANARY
    UNITED STATES ATTORNEY


    /s/ Tommie Brown Hardwick
    TOMMIE BROWN HARDWICK
    Assistant United States Attorney
    Post Office Box 197
    Montgomery, Alabama 36101-0197
    (334) 223-7280
    (334) 223-7135 fax
    tommie.hardwick@usdoj.gov