RECEIVED

2004 MAY 13 A 11: 18

DEBRA P. HAC[...]
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 1 3 2004
THOMAS K. KAHN
CLERK

No. 03-14691
Non-Argument Calendar

D. C. Docket No. 02-00093-CR-E

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT H. RUSH, JR.,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Alabama

(April 13, 2004)

Before ANDERSON, WILSON, and COX, Circuit Judges.

PER CURIAM:

Robert H. Rush, Jr. appeals his conviction and 60-month sentence imposed after a conditional guilty plea to manufacturing marijuana in violation of 21 U.S.C. § 841(a). After careful review, we affirm.

On appeal, Rush raises two issues. First, Rush questions whether the district court erred in denying his motions to suppress physical evidence and statements made to law enforcement officers. He contends that the physical evidence should be suppressed because the warrantless seizure of the evidence was unreasonable, in violation of the Fourth Amendment. He contends that his statement should be suppressed because his waiver of his *Miranda* rights was not voluntary. In reviewing denial of a motion to suppress, we review de novo a district court's legal determinations and its findings of fact for clear error. *United States v. Gil*, 204 F.3d 1347, 1350 (11th Cir. 2000).

With regard to the physical evidence, over 100 marijuana plants seized from in and around Rush's home, Rush concedes that the officers had probable cause to believe that the plants were evidence of a crime when they saw the plants from their helicopters hovering over Rush's home. We agree with the district court that when the officers flying over Rush's house saw a person near the marijuana plants, saw that person look up and see the helicopter, and then saw that person go back inside the house, the officers were reasonable in concluding that the circumstances were

exigent, and that they should seize the marijuana without waiting for a warrant, to prevent destruction of the evidence. *United States v. Santa*, 236 F.3d 662, 668 (11th Cir. 2000) (stating that for a warrantless search of a home to be reasonable, there must be probable cause and exigent circumstances); *United States v. Young*, 909 F.2d 442, 446 (11th Cir. 1990) (stating that exigent circumstances exist when the facts, as they appeared at the time, "would lead a reasonable, experienced agent to believe that evidence might be destroyed before a warrant could be secured," and that this "doctrine is particularly compelling in narcotics cases, because contraband and records can be easily and quickly destroyed while a search is progressing") (citations omitted); *United States v. Tobin*, 923 F.2d 1506, 1511 (11th Cir. 1991) (en banc) (holding that exigent circumstances existed where the defendants' actions and furtive looks made it appear that they were aware that they were being watched by law enforcement officers).

Rush's argument that his *Miranda* waiver was involuntary is premised on his illegal seizure argument: he contends that his waiver was involuntary because it was the fruit of the illegal seizure, and thus that statements should be suppressed. Because we conclude that the district court correctly held that the seizure was legal, we also uphold the district court's conclusion that Rush's *Miranda* waiver was voluntary.

3

Second, Rush contends that the district court erred by refusing to sentence him below the statutory mandatory minimum pursuant to the "safety valve" found in U.S.S.G. § 5C1.2(a). He contends that he should be given the benefit of the safety valve because even though he did not volunteer all the information he had concerning his crime, he truthfully answered all of the questions asked him by law enforcement officials. We review the "district court's factual determinations and subsequent denial of 'safety valve' relief for clear error." *United States v. Camacho*, 261 F.3d 1071, 1073 (11th Cir. 2001).

To qualify for the safety valve, the defendant must show that he "has truthfully provided to the Government all information and evidence the defendant has concerning the offense . . ." § 5C1.2(a)(5). This means what is says: "[t]he burden is on the defendant to come forward and to supply truthfully to the government *all the information that he possesses about his involvement in the offense*, including information relating to the involvement of others and to the chain of the narcotics distribution." *United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997) (emphasis added); *United States v. Figueroa*, 199 F.3d 1281, 1283 (11th Cir. 2000) ("This plain language requires a defendant to both truthfully and fully disclose information within her knowledge relating to the crime for which she is being sentenced."). Rush concedes here that he did not provide the Government information concerning the

4

source of his marijuana seeds and information concerning to whom he sold marijuana. Thus, the district court did not clearly err in concluding that Rush had not given the Government all the information he had, and therefore was ineligible for the safety-valve relief.

AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia