IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

UNITED STATES OF AMERICA    )
                                )
   v.                   )     CIVIL ACTION NO. 3:05cv734-T
                                )            WO
ROBERT H. RUSH, JR.         )

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. 8) addressing the claims presented by the movant, Robert H. Rush, Jr., in his 28 U.S.C. § 2255 motion. In its response, the government contends that the § 2255 motion is due to be denied because Rush is entitled to no relief on the claims presented therein. Specifically, the government argues that Rush's claim that the "safety valve" provision should have been applied to his sentence is procedurally barred because the claim was raised and disposed of on direct appeal. *See United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). The government further argues that Rush's sentencing claims that the trial court (1) miscalculated the amount of marijuana attributable to him, (2) improperly applied a weapons enhancement, and (3) improperly awarded two points, rather than three, for acceptance of responsibility are procedurally barred because the claims could have been, but were not, raised on direct appeal. *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994). In addition, the government argues that insofar as Rush's sentencing claims rely on assertions that his sentence violates *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531 (2004), and *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005), the claims are not cognizable by this

court because *Blakely* and *Booker* are not retroactive to cases on collateral review. *See In re Dean*, 375 F.3d 1287 (11th Cir. 2004); *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005). Finally, the government argues that even if Rush's sentencing claims are not procedurally barred, they are meritless and entitle him to no relief.

Rush is advised that a procedural default bars consideration of the merits of a claim unless the movant "can show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors." *Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990); *see also Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). However, even if the movant fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a movant's federal constitutional claim where the movant is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Accordingly, it is

ORDERED that on or before September 29, 2005, Rush may file a reply to the response filed by the United States. Any documents or evidence filed after this date will not be considered by the court except upon a showing of exceptional circumstances. At any time after September 29, 2005, the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the motion as justice dictates." Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

Rush is instructed that when responding to the assertions contained in the government's response, he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts that demonstrate that Rush is entitled to relief on the grounds presented in his § 2255 motion. If documents that have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When Rush attacks the government's response by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2255 Proceedings in the United States District Courts*. Rush is advised that upon expiration of the time for filing a response to this order, the court will proceed to consider the merits of the pending § 2255 motion pursuant to Rule 8(a).

Done this 12th day of September, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE