IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | Civil Action No. 3:05cv734-MHT |
| | ) | (WO) |
| ROBERT H. RUSH, JR. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the court on a pro se pleading that has been construed as a

motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

## I. PROCEDURAL HISTORY

On May 12, 2003, the movant, Robert H. Rush, Jr. ("Rush"), entered a conditional

guilty plea to manufacturing more than one hundred marijuana plants, in violation of 21

U.S.C. § 841(a)(1).  When pleading guilty, Rush reserved the right to appeal the district

court's ruling denying his motion to suppress physical evidence and statements made to law

enforcement officers.[1]  On September 3, 2003, the district court sentenced Rush to five years

in prison, the statutory minimum under 21 U.S.C. § 841(b)(1)(B).

Rush appealed to the Eleventh Circuit, challenging the district court's denial of his

---

[1]Rush initially proceeded to trial on a two-count indictment charging him with manufacturing marijuana and possessing a firearm in furtherance of drug trafficking.  However, on the first day of trial, he withdrew his plea of not guilty and, pursuant to a plea agreement, pled guilty to manufacturing marijuana.  Under the agreement, the firearm count was dropped and Rush retained the right to seek review of the ruling on his suppression motion.

motion to suppress as well as the court's refusal to sentence him below the statutory mandatory minimum pursuant to the "safety valve" found in U.S.S.G. § 5C1.2(a).  On April 13, 2004, by unpublished opinion, the Eleventh Circuit upheld the district court's denial of Rush's motion to suppress and his application for safety valve relief and affirmed Rush's conviction and sentence.  *See United States v. Rush*, 103 Fed.Appx. 667 (11th Cir. Apr. 13, 2004) (Table, No. 03-14691).  Rush petitioned the United States Supreme Court for a writ of certiorari, which was denied on October 4, 2004.  *See Rush v. United States*, 543 U.S. 888 (Oct. 4, 2004, No. 04-5227).

On August 3, 2004, Rush filed a pleading in this court styled as a "Motion for Reconsideration."[2]  (Doc. No. 2.)  In that motion, Rush claimed that the district court violated his Sixth Amendment rights, as set forth by the Supreme Court in *Blakely v. Washington*, 542 U.S. 296 (2004), by increasing his sentence on the basis of judge-made findings.  (Doc. No. 2 at 3-7.)  In orders entered on August 18, 2004 (Doc. No. 3), and October 12, 2004 (Doc. No. 5), this court advised Rush, in accordance with *Castro v. United States*, 540 U.S. 375 (2003), that his claim was properly presented in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and that it was the court's intention to re-

---

[2]Although Rush's motion was date-stamped "received" in this court on August 6, 2004, under the "mailbox rule," the court deems his motion filed on the date he delivered it to prison authorities for mailing, presumptively, August 3, 2004, the day that he signed it.  *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  Rush's motion was originally docketed in Criminal Case No. 3:02cr93.  Pursuant to an order of this court entered on August 3, 2005 (Doc. No. 1), his motion was re-docketed in Civil Action No. 3:05cv734.

characterize his filing as such a motion.[3] Accordingly, this cause proceeds as an action under 28 U.S.C. § 2255.

In its answer to Rush's § 2255 motion, the government argues that any claims asserted by Rush are either procedurally barred or without merit. (Doc. No. 8.) In his reply to the government's answer, Rush expands and/or clarifies his claims to add allegations that the district court's sentencing determinations violated *United States v. Booker*, 543 U.S. 220 (2005), as well as *Blakely*, and that his counsel's failure to argue that his sentence contravened the holdings of *Blakely* and *Booker* constituted ineffective assistance. (Doc. No. 10 at 1-28.) After careful consideration of Rush's § 2255 motion, the supporting and opposing submissions, and the record in this case, the court concludes that an evidentiary hearing is unnecessary and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

---

[3]As also required by *Castro*, the court directed Rush to advise the court whether he sought to (1) proceed under 28 U.S.C. § 2255 on the claims presented in his motion, (2) amend his motion to include additional claims under § 2255, or (3) dismiss his motion. (Doc. Nos. 3 & 5.) The court specifically cautioned Rush that if he failed to file a response in compliance with its orders, the cause would proceed as an action under 28 U.S.C. § 2255. (*Id.*) After entering the "*Castro* Order" of August 1, 2004 (Doc. No. 3), this court learned that Rush's appeal was still pending before the United States Supreme Court on a petition for writ of certiorari and that, therefore, the conviction and sentence challenged in his "Motion for Reconsideration" were not yet final. On October 4, 2004, the Supreme Court denied certiorari review in Rush's case. As Rush's conviction and sentence were then final, this court entered its order of October 12, 2004 (Doc. No. 5), again advising Rush in compliance with the requirements of *Castro v. United States*.

3

## II.  DISCUSSION

**A.    Violation of *Blakely v. Washington* and *United States v. Booker*[4]**

Rush asserts that the district court violated his Sixth Amendment rights, as set forth

by the Supreme Court in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v.*

*Booker*, 543 U.S. 220 (2005), by increasing his sentence on the basis of judge-made findings

regarding drug quantity and his possession of a firearm in connection with his offense.[5]  He

contends that under *Blakely* and *Booker*, a jury was required to find, beyond a reasonable

doubt, each sentencing factor that increased the penalty imposed against him.  (Doc. No. 2

at 3-7; Doc. No. 10 at 1-29.)

Both *Blakely* and *Booker* were decided after the Eleventh Circuit affirmed Rush's

conviction and sentence.[6]  In *Blakely*, the Supreme Court revisited its Sixth Amendment

jurisprudence in *Apprendi v. New Jersey*, 530 U.S. 466 (2000),[7] in the context of Washington

---

[4]Rush's claims are not always presented in a clear and logical fashion.  For organizational and analytical purposes, this court has recast some of his claims in a more appropriate presentation.

[5]Based on a formula set forth in Note (E) of the "Drug Quantity Table," U.S.S.G. § 2D1.1(c), the district court attributed 100 grams of marijuana to Rush for each of 118 marijuana plants seized, resulting in a base offense level of 16.  *See* U.S.S.G. § 2D1.1(c)(12).  In addition, the district court added two points to the offense level based on Rush's possession of a firearm in connection with the offense.  *See* U.S.S.G. § 2D1.1(b)(1).

[6]*Blakely* was decided on June 24, 2004; *Booker* on January 12, 2005.

[7]In *Apprendi*, the Supreme Court held that, for purposes of complying with the Sixth Amendment's jury trial guarantee, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490.

state's sentencing guideline scheme, and clarified that the relevant "statutory maximum for *Apprendi* [and Sixth Amendment] purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303 (emphasis and internal quotation marks omitted). Subsequently, in *Booker*, the Supreme Court applied its holding in *Blakely* to the Federal Sentencing Guidelines. After *Booker*, "the Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005) (emphasis omitted) (citing *Booker*, 543 U.S. at 231-45). As a remedy, in *Booker*, the Court rendered the Federal Guidelines "effectively advisory." *See* 543 U.S. at 259.

Rush's substantive Sixth Amendment claim based on the holdings in *Blakely* and *Booker* was not raised in the trial court or on direct appeal. Consequently, he can avoid a procedural bar as to this claim only by showing "cause" for his failure to raise the claim and actual prejudice that resulted. *See United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1989). Rush suggests that his counsel rendered ineffective assistance by failing to raise a claim that his sentence violated his Sixth Amendment rights as set forth in *Blakely* and *Booker*.[8] (Doc. No. 10 at 1-2.)

---

[8]Rush's allegations in this regard are so vague that it is not clear whether he is asserting the ineffectiveness of his trial counsel, ineffective assistance of counsel on direct appeal, or both.

Ineffective assistance of counsel may constitute cause excusing a procedural default so that a petitioner may obtain review of an otherwise defaulted claim. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). Accordingly, the court will consider whether Rush's counsel was ineffective in this regard.

**B.      Ineffective Assistance of Counsel**

*1.      Standard of Review for Ineffective Assistance*

To succeed on a claim of ineffective assistance of counsel, a movant must satisfy both prongs of the test set out by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The *performance* prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The *prejudice* prong requires a movant to demonstrate that seriously deficient performance of his counsel prejudiced the defense. *Id*. at 687.

Under the performance component of the *Strickland* inquiry, a movant must establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*. In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687).

6

Under the prejudice component of *Strickland*, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

Unless a movant satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697 (A court need not "address both components of the inquiry if the [movant] makes an insufficient showing on one."); *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong").

### 2. Counsel's Failure to Raise Sixth Amendment Claim Based on *Blakely* and *Booker*

Rush was sentenced on September 3, 2003. The Eleventh Circuit affirmed his conviction and sentence on April 13, 2004. The Supreme Court decided *Blakely* on June 24, 2004, and rendered its decision in *Booker* on January 12, 2005. Rush's counsel cannot be faulted for failing to anticipate the Supreme Court's decision in *Blakely*; nor can counsel be deemed ineffective for lacking the additional prescience to anticipate that the holding in *Blakely* would then lead to the Supreme Court's decision in *Booker* to remedy potential Sixth Amendment problems in application of the Federal Sentencing Guidelines by declaring the

guidelines advisory only – particularly because the *Blakely* opinion makes clear that it expresses no opinion on the continuing validity of the federal guidelines, *see Blakely*, 542 U.S. at 305 n.9.

It is well settled that an attorney's failure to anticipate a change in the law does not constitute ineffective assistance of counsel.  *See, e.g., United States v. Ardley*, 273 F.3d 991, 992 (11th Cir. 2001); *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994); *Davis v. Singletary*, 119 F.3d 1471, 1476 (11th Cir. 1997); *Pitts v. Cook*, 923 F.2d 1568, 1572-74 (11th Cir. 1991).  This "rule applies even if the claim based on anticipated changes in the law was reasonably available at the time counsel failed to raise it."  *Ardley*, 273 F.3d at 993 (citing *Pitts*, 923 F.2d at 1572-74).  Consequently, Rush has not established that his counsel's failure to raise a Sixth Amendment claim based on *Blakely* and *Booker* fell below an objective standard of reasonableness, and Rush is entitled to no relief based on this claim. *See Strickland*, *supra*, 466 U.S. at 688.

This court would also note that the application of *Blakely* and *Booker* in Rush's case would have no effect on his sentence.  Even factoring in the district court's sentencing determinations as to the weight of the marijuana attributable to Rush and Rush's possession of a gun in connection with the offense, Rush's guideline sentencing range was 21-27 months.  However, Rush's conviction for the cultivation of over one hundred marijuana plants triggered application of the mandatory statutory minimum of five years' imprisonment pursuant to 21 U.S.C. § 841(b)(1)(B).  The district court rejected Rush's application for

safety valve relief under U.S.S.G. § 5C1.2(a), and the Eleventh Circuit upheld the district court's ruling. Thus, the district court's findings regarding drug weight and firearm possession were immaterial to the sentence ultimately imposed against Rush.

### 3.    *"Structural Error" and Retroactive Application of Blakely and Booker*

Rush also asserts that the enhancement of his sentence based on judicial findings constituted "structural error," so that reversal is required in every case, and that *Blakely* and *Booker* must be applied retroactively to his sentence. (Doc. No. 10 at 4-28.) However, it is clear from *United States v. Rodriguez*, 398 F.3d 1291 (11th Cir. 2005), that the Eleventh Circuit has rejected the notion that *Blakely*/*Booker* error is structural. *See generally Rodriguez*, 398 F.3d at 1299-1305; *see also United States v. Pritchett*, 135 Fed.Appx. 216 (11th Cir. May 24, 2005) (unpublished, No. 04-11166). Moreover, the Eleventh Circuit has held that *Blakely* and *Booker* are not retroactively applicable to cases on collateral review. *Varela v. United States*, 400 F.3d 864, 866-67 (11th Cir. 2005); *see also In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005). Therefore, these claims entitle Rush to no relief.

### 4.    *Additional Issues*

The government, perhaps in an abundance of caution, has construed Rush's motion also to raise claims that (1) the district court improperly calculated the weight of the

marijuana attributable to Rush, thereby increasing his sentence in violation of the Eighth Amendment; (2) the evidence did not support the district court's application of the firearm enhancement to his sentence; (3) the district court should have reduced his offense level by three points, rather than two, based on his acceptance of responsibility; and (4) the district court should have applied the "safety valve" provision of the Sentencing Guidelines to his sentence.  This court, however, does not read Rush's motion to present these issues as grounds for relief.  Rather, Rush merely describes these issues in the "History of the Case" section of his motion as matters that he objected to at sentencing.  (Doc. No. 2 at 1-2.)  He points to no facts and presents no arguments in support of these issues.  Accordingly, this court does not find these issues to present claims for relief in Rush's § 2255 motion.  Even if these issues were construed as raising claims for relief under § 2255, such claims would be doomed by the absence of any supporting arguments.

Moreover, as noted above, the district court rejected Rush's application for safety valve relief, and the Eleventh Circuit upheld the district court's ruling in this regard. Therefore, this specific claim cannot be re-litigated in a collateral attack under § 2255.  *See United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000).  Rush's sentence pursuant to the mandatory statutory minimum in 21 U.S.C. § 841(b)(1)(B) renders moot his objections to the district court's calculation of the weight of the marijuana attributable to him, the court's application of the firearm enhancement to his sentence, and court's reduction of his offense level by three points, rather than two, based on his acceptance of responsibility.

10

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Rush be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before July 16, 2007**.   A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 2nd day of July, 2007.


_____ /s/Wallace Capel, Jr. _____
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

11